The opinion of the Court was delivered by
Whitner, J.
The question to be settled by this judgment arises under the A. A. 1823, respecting marriage settlements. The second section (6 Stat. 213) is in the following words: “ that no marriage settlement shall be valid until recorded in the office of Secretary of State and in the office of the Register of Mesne Conveyances of the district where the parties reside; Provided that the parties shall have three months to record the same, and if not recorded in three months, the same shall be null and void.”
The prominent question is, though others have been stirred in the argument, whether the provisions of the Act above recited are sufficiently met by a registration in the office of Secretary of State, alone, when the parties reside in the district where the office is located. The answer might perhaps be sufficient, the law is not so written, the terms are plain, pointed and specific, so much so in fact as to have invited special remark from the Bench and Bar. Statutes remedial in their nature are to be construed, it is urged, with careful regard to their design. Protection against fraud was the manifest design of the repeated legislation on this subject: this being the object, registration in a public office was long regarded and relied on as a principal means to secure that *164 end, as the record was likely to give notoriety to the contract as well as reliable information of its precise provisions and character. Subsequent legislation furnishes evidence that the end was not at first attained, to which I will add, the experience of many leads to the conviction, that the day for relaxing legislative precaution or judicial vigilance has not yet arrived. Clear and explicit notice has been long and repeatedly held equivalent to registration, for the simple reason, the end being reached by other means than is provided by Act, their observance might be dispensed with. From analogy to this ruling, it is said, the Legislature contemplated registration in a public office and in the district-where the parties reside. That nothing is gained by recording in two offices located in the same district: reference to the one selected would as certainly furnish the information, as to each. The reason given shews the fallacy of the conclusion. Application to an office in Charleston would as certainly furnish the information there placed on record as though the same were placed on record in each district of the State. Hence why change the law at all 1 But unfortunately, perhaps, for society, we are apt to watch only when we apprehend danger, and seldom suspect without a cause. In the ordinary business transactions of men, it would indicate a very unusual caution, to apply daily to the public records for information respecting liens and settlements, before credit is given or confidence reposed. Hence the complaint formerly, and to this day, that sufficient notoriety is not given to provide against fraud from concealment. This is apt to be true, especially in reference to these deeds. Their execution ordinarily, is in presence of family or confidential friends, and under circumstances that are little calculated to make public the fact. The recording in the office of Secretary of State, an office remote from the parties often, and in which the common business of the community seldom found its way,- was found inadequate. The chances of notoriety, it was supposed, would be increased by multiplying the channels of communication. One office for general reference and another in the neighborhood with which the citizen was familiar, to which he could not only have *165 ready access, but into which he was often carried by other business, seems to have constituted the scheme. If the Legislature had added yet other offices, as that of the Ordinary, a good reason" would have been perceived in a purpose to give notoriety. The publication of rules in several prints, at different places, is better calculated to extend a notice, and so by recording, to the extent the recording may be repeated in different offices and different parts of the State. The construction contended for would involve a further objection. It would mislead the creditor. When his application had been made to the office of Register of Mesne Conveyances, according to the plain reading of the statute, he would not likely apprehend judicial construction had dispensed with that requirement. This course of interpretation might again lead to a right of election as to which office, according to the whim of the party. We are of the opinion that before the recording can operate as a notice, the terms of the Act must be strictly pursued. To. record in either office designated alone, is not such a’ compliance. The presiding Judge ruled correctly, therefore, on the circuit. The objection was fatal to the plaintiff’s title in a contest with this defendant, an innocent purchaser for valuable consideration and without notice. Hence the non-suit was properly ordered. The present motion is dismissed.
O’Neall, Wardlaw, Frost, Withers and Glover, JJ,, concurred.

Motion dismissed.